```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
OGILVY GROUP SWEDEN, AB,                 :   05 CIV. 8488 (DLC)
                                         :
                Plaintiff,               :   OPINION AND ORDER
                                         :
        -v-                              :
                                         :
TIGER TELEMATICS, INC. and GIZMONDO      :
EUROPE LTD.,                             :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Howard J. Rubin, Esq.
Scott L. Walker, Esq.
Shirin Keen, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

For Defendants:
Marshal Shichtman, Esq.
Marshal Shichtman & Associates, P.C.
1 Old County Road, Suite 498
Carle Place, NY 11514

DENISE COTE, District Judge:

Plaintiff Ogilvy Group Sweden, AB ("Ogilvy") moves for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., on a breach of contract claim against defendants. Because there are no material facts in dispute concerning this claim, the motion is granted.

BACKGROUND

The following facts are undisputed. In 2004, the parties entered into a "Securities Lending Agreement" ("SLA"). The SLA

acknowledges the existence of separate service agreements between two of the parties, pursuant to which Ogilvy was to provide public relations services for defendant Gizmondo Europe Ltd {"Gizmondo"). The express purpose of the SLA was to provide Ogilvy with security with respect to monies that might become due to it under the service agreements. Specifically, the security pledged was shares of defendant Tiger Telematics, Inc. ("Tiger"), the parent company of Gizmondo.

Under the SLA, Tiger would lend shares to Ogilvy, which was prohibited from selling or otherwise disposing of the securities until such time as Gizmondo defaulted on its obligations under the service agreements. At that time, Ogilvy would be authorized to sell only so many shares as would make up for the defaulted payment at then-current market prices. In order to facilitate the sale of these otherwise highly restricted securities, the SLA required Tiger to "prepare and file with the SEC a registration statement with respect to . . . the Securities . . . and use its best efforts to cause such registration statement to become and remain effective for the duration of [the SLA]." The SLA imposed on Tiger further related obligations, including furnishing Ogilvy with a copy of the registration statement, and "tak[ing] such . . . actions as are reasonably required in order to expedite or facilitate the disposition of the [lended securities]." Finally, Tiger warranted that no "filing with[] any governmental body or agency is required for [its] performance" under the SLA.

Subsequent to the signing of the SLA, Tiger defaulted on at

2

least some of its payments under the service agreements.  It never did, however, file the registration statement for the transferred securities with the SEC.  According to Tiger, the reason it could not file a registration statement was that it had not been current in the periodic reporting requirements that are prerequisites for the filing of a registration statement.  It was behind in its periodic reporting at the time the SLA was executed.

Ogilvy filed this action on October 3, 2005, suing the defendants for breach of contract, common law fraud, and securities fraud.  Defendants moved to dismiss the two fraud claims and answered the contract claim.  Ogilvy opposed the motions to dismiss and filed the present motion for judgment on the pleadings with respect to the defendants' liability on its breach of contract claim.

In its briefing papers, Ogilvy clearly laid out the proper framework for analyzing breach of contract claims under New York law, and proceeded to argue that it was entitled to judgment as a matter of law because the material facts of defendants' breach were not in dispute.  Ogilvy requested an inquest to determine the amount of damages owed.  The defendants responded to Ogilvy's motion with two arguments.  First, the defendants argued that Ogilvy was aware of Tiger's deficient filing status at the time the SLA was executed and therefore could not rely on its representations and agreements.  Second, defendants invoked laches as a bar to Ogilvy's recovery, arguing that Ogilvy should

3

not be permitted to sue on a legal fiction (i.e., Tiger's compliance with SEC filing requirements) that it helped to perpetuate.

## DISCUSSION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). The motion will be granted only if the movant establishes "that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (citation omitted). Although it is not explicitly provided for in Rule 12(c), Fed. R. Civ. P., "it is well established that a motion for partial judgment on the pleadings" may be entered, at least where the motion disposes of an entire claim. Does I through III v. District of Columbia, 238 F. Supp. 2d 212, 221 n.9 (D.D.C. 2002) (citation omitted); see also McLaughlin Transp. Sys., Inc. v. Rubinstein, 390 F. Supp. 2d 50, 57 (D. Mass. 2005).

Under New York law, a successful claim for breach of contract must establish "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004) (citation omitted). Ogilvy pled all of these

4

elements in its complaint, and the defendants did not dispute any of them in their answer or motion papers. Indeed, the defendants' only arguments are premised on the admission that they were in breach for the entire period of the SLA.

Those arguments invoked to oppose Ogilvy's motion are, moreover, entirely irrelevant. Reliance is not a required element for a breach of contract claim. See <u>LNC Investments, Inc. v. First Fidelity Bank, N.A. N.J.</u>, 173 F.3d 454, 461 (2d Cir. 1999) (finding no authority "to suggest that reliance is required to establish causation in a . . . breach of contract case"). Nor did defendants even allege that they disclosed their filing deficiency to Ogilvy before the SLA was executed. Instead, defendants claim that Ogilvy had constructive knowledge that Tiger had made misrepresentations in its SEC filings and therefore that it was making the same misrepresentation in the SLA. Under such circumstances, defendants would be unable to invoke lack of reliance as a defense even if it were relevant. See <u>Rogath v. Siebenmann</u>, 129 F.3d 261, 265 (2d Cir. 1997) (explaining that, in a suit for breach of warranty in a sales contract, "if the seller is not the source of the buyer's knowledge, e.g., if it is merely 'common knowledge' that the facts warranted are false, or the buyer has been informed of the falsity of the facts by some third party, the buyer may prevail in his claim for breach of warranty").

Defendants' laches argument is equally unavailing. Laches is an equitable doctrine and cannot be invoked as a defense to a

5

claim for damages. See Oneida County v. Oneida Indian Nation of N.Y. State, 470 U.S. 226, 244 n.16 (1985) (noting that the "application of the equitable defense of laches in an action at law would be novel indeed"); Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997) (holding that laches would not bar a legal claim under 42 U.S.C. § 1983); Ecumenical Task Force of Niagara Frontier, Inc. v. Love Canal Area Revitalization Agency, 583 N.Y.S.2d 859, 862 (4th Dep't 1992) ("Because laches is a purely equitable defense, it will not serve to bar recovery in an action at law commenced within the limitations period."); Kahn v. N.Y. Times Co., 503 N.Y.S.2d 561, 567 (1st Dep't 1986).

CONCLUSION

Because defendants do not dispute the essential elements of Ogilvy's breach of contract claim, there are no material facts in dispute and Ogilvy is entitled to judgment as a matter of law. The motion for judgment on the pleadings with respect to the breach of contract claim is granted. This action will be referred to a magistrate judge for an inquest to determine the amount of damages owed to Ogilvy. As the damages for breach will "put the plaintiff in the same economic position [it] would have been in had the defendant[s] fulfilled the contract," Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 262 (2d Cir. 2002), Ogilvy will be entitled to no further remedy through its fraud claims. See Schonfeld v. Hilliard, 218 F.3d 164, 183 (2d Cir. 2000)

6

("Under New York law, the measure of damages for fraud is governed by the 'out-of-pocket' rule . . . ."). The defendants' motions to dismiss the remaining claims in the complaint are therefore denied as moot.

SO ORDERED:

Dated: New York, New York
March 6, 2006

*[signature]*
DENISE COTE
United States District Judge