```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
OGILVY GROUP SWEDEN, AB,                 :      05 CIV. 8488 (DLC)
                                         :
                Plaintiff,               :      MEMORANDUM OPINION
                                         :           AND ORDER
        -v-                              :
                                         :
TIGER TELEMATICS, INC. and GIZMONDO      :
EUROPE LTD.,                             :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Howard J. Rubin, Esq.
Scott L. Walker, Esq.
Shirin Keen, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

For Defendants:
Marshal Shichtman, Esq.
Marshal Shichtman & Associates, P.C.
1 Old County Road, Suite 498
Carle Place, NY 11514

DENISE COTE, District Judge:

 Ogilvy Group Sweden AB ("Ogilvy") filed this action on October 3, 2005 to recover damages for breach of contract by Gizmondo Europe Ltd. ("Gizmondo") and its parent company, Tiger Telematics, Inc. ("TTI"). A March 6, 2006 Opinion granted Ogilvy's motion for judgment on the pleadings, and referred the case to Magistrate Judge Frank Maas for an inquest on damages. Ogilvy Group Sweden, AB v. Tiger Telematics, Inc., No. O5 Civ.

8488 (DLC), 2006 WL 547785 (S.D.N.Y. Mar. 7, 2006).[1]

Magistrate Judge Maas filed a Report and Recommendation on July 21, 2006 (the "Report"), recommending an award of contract damages, costs and prejudgment interest on the damages totalling $4,877,461.44.  TTI filed objections on July 27, and Ogilvy filed its response to the objections on July 31, but did not object to any part of the Report.  For the reasons below, TTI's objections are rejected, and the Report is adopted.

## Background

The facts are summarized here.  A full discussion of the background of the claim is set out in the March 6 Opinion and in Judge Maas's Report.

Ogilvy provided services to Gizmondo, a subsidiary of TTI. When Gizmondo fell behind in payments to Ogilvy, TTI and Ogilvy entered into a Securities Lending Agreement (the "SLA") that would allow Ogilvy to hold 400,000 shares of TTI common stock and, if Gizmondo again defaulted on a payment, sell the amount of stock necessary to recoup the monies owed to it.  The SLA required that TTI register the securities with the Securities and Exchange Commission ("SEC") and keep current the Registration Statement, which steps would allow Ogilvy to sell the securities on the public market.  TTI was in immediate breach upon execution of the SLA, as it was already a year behind on the periodic

---

[1] Though the Opinion was signed on March 6, 2006, it is entered in Westlaw as March 7, 2006.

reporting requirements to the SEC and could not file a Registration Statement until reporting was up-to-date.  TTI never attempted to fix these deficiencies.

Because the securities were not registered, Ogilvy could only sell its TTI stock through a private sale at a deeply discounted price.  TTI repeatedly requested that Ogilvy not set up a private sale on its own, though, and instead offered to arrange for a private sale itself and forward the proceeds to Ogilvy in payment of Gizmondo's debt.  TTI never followed through on the private sale.

In granting judgment on the pleadings on Ogilvy's breach of contract claim, this Court noted that TTI did not dispute that it had breached the contract.  Instead, TTI alleged that Ogilvy was aware of, or had constructive knowledge of, the deficiency in registration when signing the SLA, and as such, could not have relied upon any representation TTI made in the SLA regarding registration.  The Court rejected TTI's argument because reliance is not a necessary element of a breach of contract claim.

## Discussion

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court shall make a *de novo* determination of the portions of the report to which a party objects.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

TTI makes two objections to the Report issued by Judge Maas. First, TTI objects to the lack of discovery permitted before the Report was issued, preventing it from determining whether Ogilvy had discussed the possibility of a private sale with Merrill Lynch. TTI requested discovery "to confirm the proffered damages" in its opposition to Ogilvy's Inquest Memorandum, but failed to identify with any particularity what sort of discovery it wanted to take. TTI declined Judge Maas's invitation to request an evidentiary hearing on damages.

Judge Maas denied TTI's request for discovery because its "papers [were] utterly silent as to the specifics of the discovery they allegedly need." TTI cannot cure the defect now with a request it never made to the Magistrate Judge. Furthermore, even if discovery at this late date were appropriate, TTI's untimely request would be moot. TTI does not object to Judge Maas's conclusion that TTI repeatedly urged Ogilvy not to participate in a private sale but to allow TTI to facilitate such a sale on Ogilvy's behalf. Because Ogilvy had no duty to engage unilaterally in a private sale of TTI securities when TTI urged it not to do so, it is irrelevant how much Ogilvy might have recouped had it defied TTI's wishes.

The second objection TTI raises is that the implied assumption of risk doctrine should operate to reduce TTI's owed damages by 50%. TTI suggests that, because Ogilvy had real and constructive knowledge that TTI was delinquent in its reporting and therefore unable at the time of execution to fulfill its

duties under the SLA, it assumed the risk of breach and should not be permitted to recover the full extent of its damages.  This objection is simply a repackaging of the reliance argument made by TTI.  This argument is as irrelevant now as it was then.  Reliance is not a required element of a breach of contract claim and cannot be invoked to reduce damages for breach.  Relabeling the argument "assumption of risk" does not help either, as this is a defense to tort, not contract, liability.  <u>Odenba Investments N.V. v. Bily G. Corp.</u>, Nos. 83 Civ. 5655 & 83 Civ. 5657 (CSH), 1984 U.S. Dist LEXIS 19140, at *2(S.D.N.Y. Feb. 27, 1984).

TTI makes no objections to any other part of the Report.  "A district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (citation omitted).  This Court identifies no clear error in the Report, and adopts Magistrate Judge Maas's recommendations in full.

Conclusion

For the reasons set forth above, TTI's objections to the Report are denied, and the damages calculations of the Report are accepted.  The Clerk of Court shall enter judgment in plaintiff's favor in the amounts of $4,105,723 in contract damages, $312.50 in costs, $744,091.95 in prejudgment interest through July 20,

2006, and prejudgment interest of $1,012.37 per day for each day from July 21, 2006 until entry of judgment.

SO ORDERED:

Dated:   New York, New York
         August 28, 2006

                                    _____
                                            DENISE COTE
                                    United States District Judge